**Patricia V. PITTORE, Plaintiff,**

v.

**THORP, REED & ARMSTRONG, Defendant.**

**Civ. A. No. 89–2266.**

United States District Court, W.D. Pennsylvania.

Sept. 18, 1990.

Joel S. Sansone, Pittsburgh, Pa., for plaintiff.

Martin J. Sauders, Douglas Smith, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiff, Patricia V. Pittore, commenced this action on November 9, 1989, against defendant, Thorp, Reed and Armstrong alleging that the defendant discriminated against her by willfully terminating her in violation of the *Age Discrimination in Employment Act*, 29 U.S.C. § 621, *et seq.* ("ADEA"). On August 6, 1990, following the close of discovery, defendant filed Motion for Summary Judgment or in the alternative, for partial summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

It is undisputed that plaintiff was 49 years old and within the protected class under ADEA at the time she was terminated from defendant's employ on January 4, 1988. Plaintiff had been employed with defendant since 1974 and had held several positions with the defendant law firm. Plaintiff contends that at the time of her dismissal, she was employed as both a proofreader and a County Court filer. At that time, a portion of the proofreading function was also being performed by a gentleman by the name of John Lucci, ("Lucci"), who also performed the Federal Court filing duties.

Defendant contends that because of the loss of several attorneys who were partners or associates with the law firm, they were forced to cut back on the work force for economic reasons. They allege that after a thorough evaluation of the work force, the position of proofreader was determined to be an uneconomical position. Though the proofreading position was eliminated, plaintiff's duties as court filer were taken over by Mr. Lucci who is 24 years younger than plaintiff.

■ Defendant contends that it is entitled to summary judgment because plaintiff has failed to establish a prima facie case. To establish a prima facie case, the plaintiff must show that: (1) she belongs to the protective class of persons age 40 to 70; (2) she was the subject of adverse employment action; (3) the younger employees were treated more favorably; and (4) she was qualified for the position. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). It is undisputed that the first two prongs of the prima facie case have been met. It is the defendant's contention that plaintiff has failed to establish a genuine issue as to a material fact as to whether younger persons were treated more favorably than plaintiff and whether plaintiff was replaced by a younger employee.[1] In modifying the final prong of establishing a prima facie case of discrimination in a reduction in force scenario, this Court has held that a plaintiff must prove that she was laid off while younger employees working in similar jobs were retained. *Donohue v. Custom Management Corp.*, 634 F.Supp. 1190 (W.D.Pa.1986).

■ It is incumbent upon the plaintiff to prove that she was qualified for the position from which she was terminated while younger employees working in similar jobs were retained. Though the defendant has shown that at the time of her termination plaintiff was actually employed full time as a proofreader, plaintiff contends that the defendant required her to change her position from court filer to proofreader 15 work days prior to her termination. She alleges that such action in itself was pretextual, and was in furtherance of a plan to terminate plaintiff because of her age. Defendant, however, asserts that the plaintiff requested this position change. Plaintiff has phrased numerous record references to support her contention that she was involuntarily moved out of the court filer position immediately prior to her termination.

Since the record shows that plaintiff was commended for the way she was doing her job as court filer, it is undisputed that she was qualified for the position. Therefore,

---

**1.** In situations involving a reduction in work force, the final prong of the prima facie case is altered to require that the employee produce direct, circumstantial or statistical evidence from which the factfinder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue. *Mauter v. Hardy Corporation*, 825 F.2d 1554 (11th Cir.1987).

the critical inquiry is a factual dispute raised by the defendant's assertion that the plaintiff requested this position change as opposed to plaintiff's assertion otherwise. This raises a sufficient factual dispute to permit the jury to rule on the existence of the prima facie case.

If a plaintiff establishes a prima facie case, the burden then shifts to the defendant to present legitimate, nondiscriminatory reasons for the employment action taken. *Burdine, supra,* 450 U.S. at 253, 101 S.Ct. at 1093. If the defendant articulates a legitimate reason, the burden then returns to the plaintiff who must show that the proffered reason is a mere pretext for discrimination. *Burdine, id.* Defendant contends that it has presented overwhelming evidence of nondiscriminatory reasons for terminating plaintiff. It is undisputed that in the time preceding the reduction in force, defendant had experienced a significant exodus of attorneys including numerous partners from the firm. Defendant contends that in the evaluation of all positions at the firm, the position of proofreader was identified, along with other support staff functions, as non-essential because personal legal secretaries to the attorneys and word processors could absorb the proofreading duties.

■ In an effort to show that the defendant's reason is a pretext, plaintiff has put forth evidence to show that defendant had checked into the employment background of plaintiff and was aware that the plaintiff's pension would vest in 1988. With such evidence, plaintiff has created a genuine issue of material fact with regard to the allegation that defendant's proffered legitimate nondiscriminatory reason was a mere pretext for discrimination. The issue of defendant's intent at the time of the plaintiff's discharge is clearly a factual question. Thus, by pointing to evidence which calls into question the defendant's intent, the plaintiff raises an issue of material fact which is sufficient to preclude summary judgment. *Chipollini v. Spencer Gifts, Incorporated,* 814 F.2d 893 (3d Cir.1987).

In *Healy v. New York Life Insurance Company,* 860 F.2d 1209 (3d Cir.1988), this Court stated as follows:

"... We understand the teaching of *Chipollini* to be that where plaintiffs proffer evidence of pretext and create a genuine issue of material fact as to the credibility of the employer's 'legitimate' business reasons, summary judgment is foreclosed." 860 F.2d at 1219.

Defendant further claims that a legitimate reason for plaintiff's termination was her poor job performance. However, the record shows that six individuals who made the decision to terminate the plaintiff testified especially that the performance was not a factor in her termination. Three of the remaining four individuals said that plaintiff was not having performance problems and/or that performance factors were not discussed in the decision to terminate her. Plaintiff's personnel file is also devoid of any documentation whatsoever of any alleged performance problems which the plaintiff was supposedly experiencing. In *Healy,* the Court stated that the plaintiff must not only introduce evidence from which a reasonable person could infer that he was qualified, he also must introduce evidence that casts doubt on his employer's contention that there was a legitimate business justification for letting him go. The plaintiff has raised genuine issues of fact not only to her qualifications, but also as to pretextual reasons why the plaintiff was terminated.

■ Defendant also contends that it was entitled to summary judgment on plaintiff's claim of willful age discrimination. The Third Circuit defines "willful" as outrageous conduct in *Dreyer v. Arco Chemical Company,* 801 F.2d 651 (3d Cir. 1986), *cert. denied* 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987). Evidence of outrageous conduct may be established by: (1) evidence of a prior ADEA violation; (2) showing that the act of termination was to deprive the plaintiff of an imminent pension; or (3) encouraging a plaintiff to retire instead of accepting a layoff by the use of incorrect and inflated pension calculations. *Dreyer, supra,* 801 F.2d at 658. The spe-

cific factual contention made in the instant case is termination as a deprivation of an imminent pension. Under the circumstances, summary judgment on this question would be inappropriate since there has been a clear showing by the plaintiff of disputed issues of material fact with regard to the question of the plaintiff's pension eligibility and vested rights.

■ Defendant's last contention is that the plaintiff is barred from recovery under ADEA because of her failure to mitigate damages. It is undisputed that plaintiff has a duty to mitigate damages in an employment discrimination case. A Court must determine whether the plaintiff's efforts in mitigating damages were reasonable under the circumstances. According to record testimony, the plaintiff began seeking employment immediately after her termination. In addition to making various applications for employment, the plaintiff began working within 60 days of her termination. It is clear that the issue of mitigation of damages is clearly a fact sensitive one. We do not view this issue as one which should be decided as a matter of law.

Because the Court finds that the plaintiff has raised genuine issues of material fact as to the termination of her employment, the defendant's Motion for Summary Judgment must be denied.